551 A.2d 7

Anthony L. Recupero, Jr., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Funeral Directors, Respondent.

Argued November 3, 1988, before Judges BARRY, COLINS and McGINLEY, sitting as a panel of three.

*Ralph J. Johnston, Sr., Johnston & Johnston,* for petitioner.

*Jackie C. Wiest,* Counsel, State Board of Funeral Directors, with counsel, *Joyce McKeever,* Chief Counsel, Bureau of Professional and Occupational Affairs, and *Velma A. Boozer,* Chief Counsel, Department of State.

OPINION BY JUDGE BARRY, December 9, 1988:

Anthony L. Recupero, Jr., the petitioner, appeals an order of the State Board of Funeral Directors (Board) which fined the petitioner $1000.00 and suspended his license to practice as a funeral director until he terminated employment with the Dennison Cemetery.

Petitioner is a licensed funeral director. He also is employed by the Dennison Cemetery as its superintendent. In his capacity as superintendent, he was charged with enforcing regulations of the cemetery. Following an investigation, the Board issued an administrative rule to show cause why petitioner's license should not be suspended because of his employment. Following a hearing, the Board suspended petitioner's license and fined him. This appeal followed.

Petitioner's license was suspended pursuant to a Board regulation which states, "A licensed Funeral Director may not be employed by, either directly or indirectly, a cemetery, memorial park, columbarium, mausoleum, crematory or other final resting place." 49 Pa. Code §13.220. The Board is empowered to promulgate regulations concerning funeral directors by Section 16 of the Funeral Director Law, Act of January 14, 1952, P.L. (1951) 1898, *as amended,* 63 P.S. §479.16(a), which states:

> The board shall be charged with the enforcement of this act. It shall be empowered to formulate necessary rules and regulations not inconsistent with this act for the proper conduct of the business or profession of funeral directing and as may be deemed necessary or proper to safeguard the interests of the public and the standards of the profession.

Petitioner asserts that the Board lacks the statutory authority to promulgate the regulation in question, relying upon *McKinley v. State Board of Funeral Directors,*

11 Pa. Commonwealth Ct. 241, 313 A.2d 180 (1973). There, McKinley was the sole owner of the stock of five licensed corporate funeral directors[1] when he entered into an agreement to purchase the assets of another corporation which owned and operated a cemetery. McKinley proposed that customers of the funeral homes would be offered plots in the cemetery, the relationship between the funeral homes and the cemetery being affirmatively disclosed. The Board revoked the licenses of the corporate funeral directors because of McKinley's ownership of both the corporate funeral directors and the cemetery. At that time, the applicable regulation 16.17 provided: .

> No licensed funeral director shall have any interest directly or indirectly in a cemetery or memorial park or no licensed funeral director shall act as a supervisor or in any way be engaged on behalf of or in any way be engaged with a licensed corporation directly or indirectly owned by a cemetery or by any person or persons having any interest direct or indirect in a cemetery or memorial park. Interest for the purpose of this regulation shall be defined as including employment or any other interest held directly or indirectly by any person or persons and/or members of their immediate family.

McKinley appealed to this Court, arguing as does petitioner in this case that the regulation was promulgated without statutory authority. The Board then, as it does now, offered Section 16 of the Act as the requisite authority. As Judge (now President Judge) CRUMLISH aptly stated:

---

[1] While the present act permits licensing of only individuals as opposed to corporations, corporate licenses issued previously were continued under a grandfather clause. *Id*. at 247, n.4, 313 A.2d at 183, n.4.

> Regulation 16.17 . . . , broadly prohibiting a licensed funeral director or his employer from having any interest in a cemetery or memorial park, goes beyond regulating conduct potentially injurious to the public health and welfare to a prohibition of the mere ownership of related facilities. While the vice to be remedied by this Regulation—i.e. the potential for 'tying-in' or secretly packaging conventional funeral services with the sale of burial plots to the emotionally disadvantaged consumer—may well be recognized, we fail to find statutory support for the prophylactic means adopted by the Board.

*McKinley,* 11 Pa. Commonwealth Ct. at 247, 313 A.2d at 183.

We believe *McKinley* is dispositive of the present case. We believe that if statutory authority was lacking to prevent *ownership* of a cemetery by a licensed funeral director, there can be no statutory authority for broadly prohibiting *mere employment* of a licensed funeral director by a cemetery. It is obvious that an owner of a cemetery would incur a greater benefit by selling lots in a cemetery than would an employee of the cemetery.

We feel it important to point out that petitioner is not charged with any conduct except being an employee of the cemetery. The Board here argues that the regulation is proper to prevent the potential of a conflict of interest. Section 11 of the Act prohibits "[s]olicitation or acceptance by a licensee of any commission or bonus or rebate in consideration of recommending or causing a dead human body to be disposed of in any particular crematory, mausoleum or cemetery." 63 P.S. §479.11 (Supp. 1988). The vice sought to be cured by the regulation, according to the Board's argument, is inherent in the language of the Act itself. If the Board, however,

wishes to prohibit the mere employment of funeral directors by a cemetery, it must go, in our opinion, to the Legislature for such right. As in *McKinley,* we can find no authority in the Act to allow this regulation.

Reversed.

ORDER

Now, December 9, 1988, the order of the State Board of Funeral Directors at No. 86-48-1132, dated April 13, 1988, is hereby reversed.